# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| DAN LATHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 1:13-cv-1211-KOB |
| PRECISION STRIP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendants Precision Strip, Inc. and Delilah Glover's Motion to Dismiss Plaintiff's Third Cause of Action, Conspiracy in Violation of 42 U.S.C. § 1985. (Doc. 7). Defendants argue that Count Three should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendants assume, as does this court, that Plaintiff is asserting a 42 U.S.C. § 1985(3) claim.  Although Plaintiff does not specify a subpart in his Complaint, subparts (1) and (2) pertain to conspiracies to prevent individuals from holding office and conspiracies to deter witnesses from attending or testifying in court, neither of which apply here.  *See* 42 U.S.C. § 1985. Section 1985(3) pertains to conspiracies to deprive individuals of equal protection of the law. *See* 42 U.S.C. § 1985.   Plaintiff bases his claim on the Defendants' alleged racially discriminatory treatment of Plaintiff in the employment context in violation of Title VII and 42 U.S.C. § 1981, making § 1985(3) the only possible applicable provision.

To state a claim under § 1985(3), a plaintiff must allege:

(1) a conspiracy; (2) for the purpose of depriving ... any person or class of persons

>of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1379 (11th Cir. 1997). Furthermore, when the alleged conspirators are private actors, § 1985(3) requires that the plaintiff show that the alleged conspirators have an intent to deprive persons of a right guaranteed against private impairment. *Park v. City of Atlanta*, 120 F.3d 1157, 1162 (11th Cir. 1997) (*citing Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)).

The Eleventh Circuit has held that conspiracies to violate rights protected by either Title VII or § 1981 cannot form the basis of § 1985(3) suits. *Jiminez v. Wellstar Health System*, 596 F.3d 1304, 1312 (11th Cir. 2010).  Although Plaintiff argues that there is a split of authority on this issue, he offers no Eleventh Circuit support for this proposition.  (Doc. 10, at 1-2).  Plaintiff further argues that "the Eleventh Circuit appeared to leave open the possibility that properly-pled interference with contract and property rights under Section 1981 may form the basis of a conspiracy claim."  (Doc. 10, at 2). Although the Court in *Jiminez* did allow for the possibility that "interference with contract and property rights could sustain a § 1985(3) claim," it unequivocally stated that Title VII and § 1981 are insufficient bases for a § 1985(3) claim. *Jiminez*, 596 F.3d at 1312.  The Court has unconditionally reaffirmed this holding in several more recent opinions which, though unpublished and not binding precedent, persuade this court that no claim based upon Title VII or § 1981 will satisfy the requirements of § 1985(3).  *See Gilmore v. National Mail Handlers Union Local 318*, No. 12-14019, 2013 WL 1748684, at *3 (11th Cir. April 23, 2013); *Cooksey v. Waters*, 435 Fed. Appx. 881 (11th Cir. 2011).

In this case, the Plaintiff acknowledges that any contract or property rights that he may

claim fall "under Section 1981." (Doc. 10, at 2). As such, under the law of this Circuit, Plaintiff fails to state a claim under § 1985(3) upon which relief can be granted. Thus, the court hereby GRANTS Defendants' Motion and DISMISSES WITH PREJUDICE Plaintiff's Third Cause of Action, Conspiracy in Violation of 42 U.S.C. 1985.

   DONE and ORDERED this 14th day of August, 2013.

_____
   KARON OWEN BOWDRE
   UNITED STATES DISTRICT JUDGE